# United States District Court
## for the Northern District of Oklahoma

Case No. 21-cv-345-JDR-MTS

BRANDI LARAE ALLEN,

*Plaintiff,*

versus

THE BRANDI LARAE NEITO IRREVOCABLE TRUST; HW ALLEN CO., LLC; ANDREW S. ALLEN; SHERI L. ALLEN; THE TRUST ATTORNEYS & COUNSELORS AT LAW, PLC; TODD F. HUDGINS,

*Defendants.*

## OPINION AND ORDER

Plaintiff Brandi Larae Allen alleges that, in May of 2015, Defendants misappropriated Plaintiff's ownership interest in the HW Allen Company, LLC by transferring her shares in the Company to a trust created without her knowledge or consent. Dkt. 7 at ¶¶ 3, 20-22. Defendants Andrew Allen, Sheri Allen, and the Brandi Larae Neito Irrevocable Trust have filed a Motion for Summary Judgment [Dkt. 55] arguing that Plaintiff's claims are barred by the statute of limitations. The HW Allen Company has adopted that argument, and further argues that, as a matter of law, it cannot be held liable for Plaintiff's claims. Dkt. 56.[1] For the reasons discussed below, the Motion filed by Andrew Allen, Sheri Allen, and the Trust [Dkt. 55] is DENIED. The Company's Motion [Dkt. 56] is GRANTED IN PART and DENIED IN PART.

---

[1] Plaintiff's claims against Horizon Attorneys & Counselors at Law, PLC, and Todd F. Hudgins were dismissed by stipulation on December 2, 2022. Dkt. 34.

I.

Over the course of her life, Plaintiff received over 200 shares in the HW Allen Company from her grandfather, Robert Allen. Dkt. 7 at ¶ 1. On May 16, 2015, Plaintiff purportedly executed an irrevocable trust agreement transferring those shares to the Brandi Larae Neito Irrevocable Trust. Dkt. 55-2 at 6, 69.[2] The agreement identifies Plaintiff's daughters as the Trust's beneficiaries, and names Plaintiff's parents, Andrew and Sheri Allen, as joint trustees. *Id.* at 5, 9. Plaintiff claims that she never executed the agreement and never authorized the creation of the Trust. Dkt. 7 at ¶ 33. She maintains that her parents fraudulently created the Trust in order to misappropriate her interest in the HW Allen Company, and that she did not discover the Trust, the unauthorized transfer of her ownership interest, or even the fact that she owned substantial shares in the HW Allen Company until November 2019. *Id.* at ¶¶ 20, 30-31, 41-45. After discovering the misappropriation, Plaintiff brought this action seeking a declaratory judgment regarding her rights in the trust property as well as relief for unjust enrichment and conversion.

All Defendants argue that Plaintiff's claims are time-barred. Dkt. 55 at 13-19; Dkt. 56 at 6. Plaintiff, in turn, argues that Oklahoma's statute of limitations is inapplicable to this case. Dkt. 59 at 15-17. According to Plaintiff, the fraudulent creation of the Trust renders it void, and the statute of limitations cannot "give protection to a person in possession under a deed void upon the face of it." *Id.* at 15, 17 (quoting *Mindock v. DuMars*, No. 20-1236, 2022 WL 1410017, at *8 (10th Cir. May 4, 2022) (internal citation and quotation marks omitted).

Although Plaintiff cites several cases in support of her claim that the statute of limitations should be disregarded, the authority she relies upon is readily distinguishable. For example, in *Mindock*, the question presented was whether a restrictive condition placed upon an interest in real property constituted an unreasonable—and void—restraint on alienation. *Mindock*, 2022

---

[2] All citations utilize CMECF pagination.

WL 1410017, at *1–*2. The defendant in that case argued that the statute of limitations prevented the court from addressing the dispute, but the Court of Appeals disagreed, recognizing that, while "other jurisdictions have held that statutes of limitations apply to void deeds," Colorado courts had "rejected that position." *Id.* at *8. The *Mindock* court's conclusion that facially void deeds for real property are not subject to a statute of limitations defense under Colorado law has no bearing on the issue presented here. *See id.* The remaining cases cited in Section V(1) of Plaintiff's brief likewise fail to address the applicability of Oklahoma's statute of limitations to claims arising out of a fraudulent conveyance of stock. *See Stafford v. Crane*, 382 F.3d 1175 (10th Cir. 2004) (addressing whether the parties' stipulation barred the plaintiff's claim that a trust was void ab initio, and holding that the designated attorney-in-fact lacked authority to create a trust).[3]

Oklahoma authority appears to recognize that the statute of limitations *is* a viable defense in cases such as this one. For example, in *Brown v. W.M. Acree Trust*, 2000 OK CIV APP 40, 999 P.2d 1119, the plaintiffs alleged that the defendant trust and its trustee had forged a signature on a quit claim deed for real property. *Id.* at ¶ 2, 999 P.2d at 1120. The defendant raised the statute of limitations as an affirmative defense, and the district court granted summary judgment. *Id.* at ¶¶ 3, 6, 999 P.2d at 1120-21. The Oklahoma Court of Civil Appeals reversed, but not because the statute of limitations was inapplicable. Instead, the court held that the two-year statute of limitations "did

---

[3] *See also Moore v. Brown*, 52 U.S. 414 (1850) (addressing deed for real property that was void upon its face by reference to the authority for making the sale); *Easley v. Pettibone Michigan Corp.*, 990 F.2d 905, 912 (6th Cir. 1993) (concluding that a complaint filed during a bankruptcy stay was voided, and the statute of limitations expired when no claim was filed within thirty days of the termination of the stay); *Juda v. Nerney*, 211 F.3d 1278, 2000 WL 419823 (10th Cir. 2000) (vacating order dismissing action seeking return of forfeited property, and instructing the district court to determine whether the government had a valid argument against the operation of the statute of limitations, which required commencement of forfeiture proceedings within five years of the discovery of the criminal offense).

not begin to run until [the plaintiffs'] discovery of the fraudulent deed," and remanded the case for further proceedings. *Id.* at ¶ 10, 999 P.2d at 1121.

Similarly, in *Cassity v. Pitts*, 1992 OK 139, 839 P.2d 192, the Oklahoma Supreme Court considered an action seeking the recovery of property that was purportedly conveyed to a fraudulently created trust. *Id.* at ¶ 1, 839 P.2d at 193. In prior proceedings, the Court of Civil Appeals held that the two-year statute of limitations barred the action. *Id.* at ¶ 6, 839 P.2d at 194. The Oklahoma Supreme Court resolved the case on other grounds, without addressing (or refuting) the basis for the appellate court's decision. *Id.* at ¶¶ 6-7, 839 P.2d at 194.

Based on *Brown* and *Cassity*, this Court holds that Plaintiff's claims are subject to Oklahoma's statute of limitations—which, in this case, is two years. 12 Okla. Stat. § 95(3). *See Romer v. Leary*, 425 F.2d 186, 188 (2d Cir. 1970) (recognizing the statute of limitations applicable to claims brought under the Declaratory Judgment Act is determined by reference to nature of the underlying dispute*); City of Tulsa v. Bank of Oklahoma, N.A.*, 2011 OK 83, ¶ 20, 280 P.3d 314, 320 (applying two-year statute of limitations to claim for unjust enrichment); *Tillman v. Shofner*, 2004 OK CIV APP 40, ¶ 2, 90 P.3d 582, 583 (applying two-year statute of limitations to conversion claim). Thus, the question presented by Defendants' motions is whether, on or before August 23, 2019, Plaintiff knew or, in the exercise of reasonable diligence should have known, that Defendants had caused the injury at issue. Dkt. 1 (Complaint, filed August 23, 2021). *See Williams v. Borden, Inc.*, 637 F.2d 731, 735 (10th Cir. 1980); *Resol. Tr. Corp. v. Grant*, 1995 OK 68, ¶ 8, 901 P.2d 807, 813 (recognizing that Oklahoma "follows the discovery rule allowing limitations in tort cases to be tolled until the injured party knows or, in the exercise of reasonable diligence, should have known of the injury").

In addressing this question, the Court views the evidence in the light most favorable to Plaintiff, the non-moving party, and draws all reasonable inferences in her favor. *Tabor v. Hilti, Inc.*, 703 F.3d 1206, 1215 (10th Cir.

2013). Summary judgment will only be granted if, when the evidence is viewed in this way, the Court finds there are no genuine issues of material facts—or, in other words, there are no outcome-determinative issues that could be resolved in favor of Plaintiff. Fed. R. Civ. P. 56. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (indicating that a material fact is one that might reasonably impact the outcome of a dispute); *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (recognizing that a genuine dispute is one that can be resolved in favor of either party).

After reviewing the record, the Court finds that there are disputed questions of fact as to whether Plaintiff had learned or could have learned of the alleged misappropriation by August 23, 2019. Plaintiff has presented evidence that the Trust was created at the instruction of her parents, that she did not discuss the Trust with the attorney who created it, that she did not sign the agreement creating the Trust, and that the signature on the instrument creating the trust was forged. *See* Dkt. 59-2 at 12-13; Dkt. 59-6 at 3; Dkt. 59-11; Dkt. 60-5 at 4-5. She has introduced testimony that the notary listed at the bottom of the trust document did not witness all the signatures to the trust agreement. Dkt. 60-6 at 7. And she has introduced testimony that she did not learn of the Trust's existence—or her ownership of the shares transferred to the Trust—until November 2019. Dkt. 59-6 at 5-7.

Defendants argue that this evidence should be disregarded because tax documents prepared on Plaintiff's behalf prior to 2019 reference the Trust.[4] But the evidence of record does not compel the conclusion that Plaintiff was aware of those documents. For example, Plaintiff has presented testimony that Chris Conine, the accountant who prepared her tax returns (and who was also the accountant for Defendant Andrew Allen and the HW Allen

---

[4] Dkt. 55 at 14-15.

Company), did not ordinarily communicate directly with Plaintiff.[5] She has presented evidence that she only saw portions of the tax documents prepared on her behalf. Dkt. 59-6 at 10-11. And she has presented evidence that she may not have received the K-1 forms used in preparing of her tax returns. *See* Dkt. 59-2 at 13, 16 (indicating that Mr. Conine, who prepared the K-1 forms for the HW Allen Company's shareholders and sent them to the Company for distribution, could have obtained Plaintiff's K-1 forms without receiving them from Plaintiff). This evidence is sufficient to create a genuine dispute as to whether Plaintiff knew of the Trust's creation prior to 2019.

Defendants further argue that, even if Plaintiff lacked actual knowledge of the contents of the tax returns and the K-1 forms supporting those returns, she is legally precluded from taking a position in this lawsuit that contradicts the position taken in those documents. Dkt. 55 at 16. The Court is not persuaded that Plaintiff can be bound by the contents of her tax returns when there is a factual dispute as to whether she was aware of those contents. *See Smith v. Baptist Found. of Oklahoma*, 2002 OK 57, ¶¶ 20-21, 50 P.3d 1132, 1143 (concluding summary judgment was inappropriate where there was a question of fact as to whether an individual had received the tax returns suggesting he had been harmed, as well as whether the returns would have alerted him of wrongdoing). Nor is the Court convinced that the doctrine of tax estoppel would be applicable under the circumstances presented here: The doctrine of tax estoppel is intended to "prevent parties from taking inconsistent and situationally expedient positions on matters on which they are required to be truthful." *Platt as co-trustees of Platt Fam. Artwork Tr. v. Michaan*, 695 F. Supp. 3d 420, 444 (S.D.N.Y. 2023) (preventing the plaintiffs from disclaiming a representation that was "made to avoid costly and lengthy estate tax proceedings"). Defendants have cited no authority suggesting this

---

[5] *See* Dkt. 59-2 at 3-4 (indicating Mr. Conine discussed Plaintiff's tax matters with Defendant Andrew Allen); *id.* at 5, 13 (indicating that Mr. Conine communicated solely with Plaintiff's husband regarding their joint returns and communicated solely with Andrew Allen regarding Trust issues).

Case No. 21-cv-345

doctrine should be used to bind unsuspecting parties to fraudulent transactions orchestrated without their knowledge or participation.

Furthermore, even if the evidence did establish that Plaintiff was aware of the Trust's existence, that is not, by itself, sufficient to establish that Plaintiff was aware of the specific harm done to her. The harm alleged in this case is not the mere *existence of a trust* created for the benefit of Plaintiff's children; it is the fraudulent creation *of the particular Trust* at issue in this case, combined with the fraudulent transfer of shares from Plaintiff to the Trust without Plaintiff's knowledge or consent. Defendants have not presented any evidence that, if Plaintiff knew that a trust existed by referencing her tax returns, she necessarily would have been on notice of the fraudulent misconduct and misappropriation that caused her harm.[6] *See Smith*, 2002 OK 57, ¶¶ 20-21, 50 P.3d at 1143 (reversing grant of summary judgment where the tax returns may not have alerted the plaintiff of defendant's conduct). A question of fact remains as to what Plaintiff knew and when, and summary judgment is therefore inappropriate.

In a final bid to defeat Plaintiff's allegations, Defendants argue that the doctrine of judicial estoppel precludes Plaintiff from claiming that she was unaware of either her ownership interest in the HW Allen Company or the subsequent transfer of that interest. Defendants claim that, because Plaintiff acknowledged her ownership of stock in the Company as her "separate property" during divorce proceedings held in July of 2018, she cannot now claim that she was unaware of the full extent of her ownership in the Company at that time. Dkt. 55 at 17-19. But there are two categories of stock at issue here: two shares of stock gifted to Plaintiff by her grandmother (which Plaintiff was

---

[6] In fact, the record suggests that the Parties were involved in the creation of other trusts, the legitimacy of which does not appear to be in dispute. *See* Dkt. 59-7 at 3-4 (indicating that Plaintiff had been gifted stock in publicly traded companies, and that the stock had been placed in a trust for Plaintiff's benefit). Thus, even if Plaintiff was aware of the references to a trust within the tax returns, a question of fact remains as to whether she was on notice of the existence of the fraudulently created Trust.

aware of in 2018); and over two hundred shares gifted to her from her grandfather (which Plaintiff was allegedly not aware of prior to 2019). Dkt. 59-6 at 5-13.[7] Plaintiff has presented evidence that her statements during the Texas proceedings referred to the two shares she received from her grandmother, not the 200-plus shares that were ultimately transferred to the Trust. *Id.* Defendants have not pointed to any evidence demonstrating that the statements made during the divorce proceedings referred to the shares gifted by Plaintiff's grandfather, nor have they pointed to any legal authority requiring this Court to assume that Plaintiff was aware of the full scope of her ownership interest in 2018. Absent such evidence or authority, the Court must decline Defendants' invitation to treat the representations made in the 2018 divorce proceedings as conclusive proof that Plaintiff knew and understood that she owned more than two shares in the Company at the time of her divorce.

In sum, Plaintiff has presented sufficient evidence to create a question of fact as to when she learned of the creation of the Trust and the fraudulent transfer of her stock. Although Defendants challenge this evidence, their arguments do little more than emphasize that questions of the credibility of testimony and the weight that should be afforded to evidence remain at issue here. These questions are for the jury, not this Court, to determine. Because the date when Plaintiff first learned, or should have learned, of her injury remains a disputed question of fact, Defendants' Motion for Summary Judgment [Dkt. 55] is DENIED.

## II.

Defendant HW Allen Company argues that, even if Plaintiff's claims are not time-barred, judgment should nevertheless be entered in its favor because it is not responsible for the misappropriation of Plaintiff's shares, the creation of the Trust, or the damages that resulted from that misconduct. Dkt. 56 at 4-6. Plaintiff disagrees, arguing that the Company's officers were responsible for the wrongdoing that gave rise to this action, and that the

---

[7] Defendant Andrew Allen recognizes the two groups of shares. *See* Dkt. 59-7 at 4.

officers of the Company had a duty to ensure the propriety of all stock transfers. Dkt. 60 at 7.

To the extent the Company seeks summary judgment on Plaintiff's claims of conversion and unjust enrichment, the Court agrees with the Company. The Amended Complaint contains only sparse allegations regarding the Company's involvement in the alleged misconduct. Dkt. 7. Plaintiff does not allege that the Company itself was enriched by the misappropriation of Plaintiff's shares or the creation of the Trust, nor has she presented evidence that the Company benefitted from the wrongdoing; accordingly, her claims for unjust enrichment must fail. *Cf. Burlington N. & Santa Fe Ry. Co. v. Grant*, 505 F.3d 1013, 1030 (10th Cir. 2007) (reversing dismissal of unjust enrichment claim where the plaintiff argued the defendant was saved an expense as a result of its wrongdoing).[8] Similarly, Plaintiff's conversion claim cannot survive because Plaintiff has not presented evidence that the Company itself diverted Plaintiff's shares for its own benefit. *Emcasco Ins. Co. v. CE Design, Ltd.*, 784 F.3d 1371, 1379 (10th Cir. 2015) (recognizing that, under Oklahoma law, a plaintiff must show that the defendant intentionally diverted property for its own benefit to establish a claim for conversion). And, although there are circumstances where a company can be held liable for the tortious actions of its agents,[9] Plaintiff has presented no evidence that would permit the Court to hold the Company liable for the torts of the remaining Defendants. Judgment in the Company's favor is therefore GRANTED with respect to Plaintiff's unjust enrichment and conversion claims.

The Court reaches a different conclusion with respect to the Plaintiff's claim for declaratory judgment. Plaintiff seeks, among other things, an

---

[8] *Cf. also City of Tulsa v. Bank of Oklahoma, N.A.*, 2011 OK 83, ¶ 19, 280 P.3d 314, 319 (recognizing that a plaintiff cannot recover for unjust enrichment without showing the unfair enrichment of another).

[9] *E.g., Hitch Enterprises, Inc. v. Cimarex Energy Co.*, 859 F. Supp. 2d 1249, 1265 (W.D. Okla. 2012) (recognizing that a principal may be held liable for acts performed by an agent within the scope of the agency relationship).

Case No. 21-cv-345

inspection of the Company's books and an injunction precluding the Company from taking any further action with respect to the ownership interests allegedly misappropriated. Dkt. 7 at 13-14. Although the precise contours of the relief Plaintiff seeks are unclear, Oklahoma law generally recognizes that corporations are proper parties in cases seeking relief of the type sought here. *E.g., Egleston v. Chesapeake Energy Corp.*, 2015 OK CIV APP 66, ¶ 12, 377 P.3d 1274, 1278 (recognizing that a shareholder may bring an action to compel inspection of corporate records); *Hoover v. Fox Rig & Lumber Co.*, 1948 OK 1, ¶ 15, 199 Okla. 672, 675, 189 P.2d 929, 932 (addressing claim seeking writ of mandamus to permit plaintiff to examine defendant corporation's books and records). Indeed, it is not clear how the Court could afford the relief Plaintiff is requesting without the Company's participation. The Court therefore DENIES Defendant's motion with respect to Plaintiff's claim for declaratory judgment.

### III.

For the reasons set forth above, a question of fact exists as to whether Plaintiff's claims for unjust enrichment, conversion, and declaratory judgment are time-barred. Defendant HW Allen Company, however, has established that it is entitled to judgment in its favor with respect to Plaintiff's claims for unjust enrichment and conversion. Accordingly, Defendants' joint Motion for Summary Judgment is [Dkt. 55] is DENIED, and Defendant HW Allen Company's Motion for Summary Judgment [Dkt. 56] is GRANTED IN PART AND DENIED IN PART.

DATED this 25th day of September 2024.

_____
JOHN D. RUSSELL
*United States District Judge*